Michael Dotson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Michael Dotson,* petitioner, for himself.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 3, 1981:

In this unemployment compensation appeal, the claimant, Michael Dotson, a former phlebotomist for Albert Einstein Medical Center, questions the board's[1] affirmance of the referee's decision denying him benefits under Section 402(e) of the Unemployment Compensation Law,[2] on the ground his dismissal from employment resulted from willful misconduct.[3]

The board's findings, from substantial evidence including claimant's own testimony, reveal that claimant had compiled an impressive list of absenteeism and tardiness particularly in his last year of employment. From December 1, 1977 to February 7, 1978, claimant was late eight times and absent five times. From March 2, 1978 to April 13, 1978, he was late twelve times. Even after his second suspension, in early December 1978, for habitual tardiness and absenteeism, claimant continued this conduct by being late for work on December 22 and 26 of 1978 and January 5, 8, 17, 23 and 31 of 1979 and being absent January 9 and 29 of 1979. We have repeatedly held that

---

[1] Unemployment Compensation Board of Review.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[3] The employer has the burden of proving willful misconduct. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). Because the employer here has carried that burden before the referee and the board, we review the evidence in the light most favorable to it, affording it the benefit of all the inferences which can fairly be drawn from the testimony. *Roman v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 44, 413 A.2d 775 (1980).

250

excessive tardiness despite multiple warnings amounts to willful misconduct. *Harbutz v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 235, 309 A.2d 840 (1973).

Claimant's protestations that he was discharged for an absence justified by his illness are not meritorious. The record is clear that claimant's history and pattern of absences and lateness precipitated his discharge, not any one incident. This argument is also belied by claimant's own testimony that he could not particularize which latenesses were due to illness, while admitting that oversleeping and personal problems were among the causes of his unpredictable attendance.

*Harbutz, supra,* and *Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973) state clearly that repeated, unexcusable tardiness or absences constitute willful misconduct. We cannot say as a matter of law that the board erred in so characterizing claimant's conduct.

Affirmed.

ORDER

AND Now, this 3rd day of March, 1981, the May 1, 1979 order of the Unemployment Compensation Board of Review at No. B-171807 is affirmed.