Philadelphia County Board of Assistance, Department of Public Welfare, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1981, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MAC-PHAIL, sitting as a panel of three.

*Vaughn King*, Associate Counsel, with him *John O. J. Shellenberger*, Deputy Attorney General, *Jerry I. Drew*, Deputy Attorney General, and *Harvey Bartle, III*, Acting Attorney General, for petitioner.

*William Kennedy*, Associate Counsel, with him *Karen Durkin*, Associate Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 5, 1982:

Philadelphia County Board of Assistance (Employer) appeals from a decision of the Unemployment Compensation Board of Review (Board) which found

Herndon B. White (Claimant) was not engaged in willful misconduct within the meaning of Section 402 (e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), and was eligible to receive unemployment compensation benefits.

Both the Bureau (now Office) of Employment Security and referee found Claimant ineligible for benefits but upon Claimant's appeal, the referee's decision was reversed by the Board.

Claimant was last employed as an Income Maintenance Worker II by the Employer from August 17, 1973 until October 29, 1979. Claimant was absent from work October 30, 31 and November 1, 1979. Each day of absence he reported to his Employer that he was ill. On October 31 the Claimant visited his doctor for treatment. On November 7, 1979, when the Claimant had not yet returned to work, he called his Employer and requested information to obtain a medical leave of absence without pay.[1] The Claimant was advised by letter from the Employer dated November 8, which was received on November 9, 1979, that he was required to submit medical verification of his illness by November 14, 1979. When Claimant advised his Employer that his doctor was on vacation and would not return until November 23, he was granted an extension until November 19 for the purpose of submitting medical verification. When Claimant did not comply, Employer notified him on November 27 that he had been terminated. On November 26, the Employer received a letter from Claimant's doctor verifying that the doctor had, in fact, been out of his office from November 7 to November 23, that he had been treating Claimant and that Claimant was physically unable to return to work since November 1. The Board concluded that

---

[1] Claimant's annual and sick leave had been exhausted.

Employer's request that medical verification be submitted by November 19 when it knew the doctor was not to return to his office until November 23 was unreasonable.

Our Supreme Court has held that refusal by an employee to comply with a rule or demand made by the employer which is unreasonable when applied to the employee's circumstances is not willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). Where the party with the burden of proof, in this instance the Employer, fails to prevail before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Aluminum Co. of America v. Theis,* 11 Pa. Commonwealth Ct. 587, 314 A.2d 893 (1974).

The sole basis for this appeal is Employer's contention that the Board capriciously disregarded (a) evidence of Claimant's prior and unauthorized absences and (b) Claimant's failure to adhere to the Employer's policy regarding the necessity of a medical statement to excuse absences. As we have said many times, capricious disregard of evidence is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have disregarded in drawing a conclusion. *Potts v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 407, 406 A.2d 585 (1979). Here, the Board found as a fact that the Employer discharged Claimant for unauthorized absence. That letter, which was offered into evidence and which Claimant acknowledged receiving, states that Claimant was discharged for unauthorized absence from employment from October 30 thru November 14, 1979. Since that is the sole reason given for Claimant's dis-

charge, Claimant's prior history of unauthorized absences would be irrelevant in this case. It is true that there was testimony by the Employer's representative regarding Claimant's prior unauthorized absences and that that witness said this was a reason for termination at the hearing. If, however, Claimant's absence from October 30 to November 14 was *not* unauthorized, then his prior history would be irrelevant since appropriate warnings and a suspension had already been given for those absences.

Employer's argument with respect to Claimant's failure to adhere to the Employer's policy regarding medical certification to excuse absences apparently focuses upon the testimony of the Employer's representative that Claimant knew he would have to have medical certification for absences due to illness which extended beyond three days. Claimant did not deny that he knew of this policy, but testified that he did not know what *kind* of medical certification would be necessary to substantiate a medical leave of absence without pay but he assumed that it would be more than was required for illness extending beyond three days. In view of the telephone conversation between Claimant and Employer's office on November 7 and the letter written by the Employer to the Claimant on November 8 outlining what was required, Claimant's assumption in this respect was correct. Had Claimant been able to furnish the medical information the Employer demanded prior to the Employer's dead-line this case, in all probability, would never had arisen. Employer's discharge letter recites that the medical certification requested in its letter of November 8 would be necessary to justify the leave *and* the absences of October 30, 31 and November 1. We conclude, therefore, that whether or not Claimant knew of the medical certification requirement for absences beyond three days is of no moment. It is clear that Claimant did not know

what was required to support a request for medical leave of absence and, as we have noted, Employer acknowledged that such certification would satisfy both his request for leave and the absences beyond three days.

We conclude, accordingly, that there has been no capricious disregard of evidence by the Board in finding the essential facts or in reaching its conclusions.

Order affirmed.

ORDER

AND Now, this 5th day of February, 1982, the Order of the Unemployment Compensation Board of Review, decision number B-181736, dated March 7, 1980, is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.