Carriers Terminal Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Barbara A. Miller, Intervenor.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Jason S. Shapiro, McNees, Wallace & Nurick,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*Dennis J. Stofko,* for intervenor.

OPINION BY JUDGE DOYLE, September 7, 1982:

Barbara A. Miller (Claimant) was awarded unemployment compensation benefits because the Unemployment Compensation Board of Review (Board) reversed the decision of a referee who had found Claimant ineligible pursuant to Section 402(b) of the Unemployment Compensation Law[1] because she voluntarily resigned her position with her employer. Claimant's employer, Carriers Terminal Company, has appealed the determination of the Board.

The findings of the Board will be affirmed on appeal when supported by substantial evidence which is defined as evidence, and inferences reasonably deductible therefrom, which would permit a reasonable mind to have reached the same conclusion as that reached by the Board. *Zinicola v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 154,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(b).

407 A.2d 474 (1979). Upon a thorough review of the record, we find substantial evidence to support the Board's finding that Claimant's termination was involuntary. For example, the record reveals that Claimant received a letter from her employer's assistant terminal manager who was the Claimant's supervisor which notified her that she was being laid off as a result of poor business conditions. The employer alleges that the Board did not accept testimony which would have established that Claimant's separation was voluntary. The Board, as the ultimate fact finder, however, is the sole arbiter on the issue of credibility and evidentiary weight, so that even uncontradicted testimony may be disregarded. *Atkinson v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 535, 434 A.2d 850 (1981).

Order affirmed.

### ORDER

Now, September 7, 1982, the decision of the Unemployment Compensation Board of Review dated August 20, 1981 at Decision No. B-198567 is hereby affirmed.