Marianne Wilkins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to President Judges CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*David L. Hill,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, November 8, 1982:

The claimant, Marianne Wilkins, appeals here from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits[1] pursuant to Section 402(a) of the Unemployment Compensation Law.[2] The Board held that she had failed to accept suitable work when it was offered to her.

The claimant was last employed by the Internal Revenue Service (IRS) as a clerk-typist. She was a seasonal employee, customarily recalled to work by telephone or mail when work was available. During the episode here in question, the IRS twice attempted to notify the claimant by telephone that work was available and, when these attempts failed, messages were left instructing her to call. Additionally, a letter of recall was sent to her on April 1, 1980, advising her to report to work on April 7, 1980. She, however, failed to contact the IRS, even after being informed by the Office of Employment Security, on August 22, 1980, that her benefits were being held pending the

---

[1] The Board also affirmed the referee's ruling that the $1,710 overpayment was a "non-fault" overpayment under Section 804(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(b), because the Local Office had information as early as April 4, 1980, which would have raised a question as to the claimant's recall, yet pay orders were nonetheless released for payment through August 9, 1980. Originally, the Office had determined that the overpayment was a "fault" overpayment, pursuant to Section 804(a) of the Law, 43 P.S. §874(a).

[2] Section 402(a) of the Law, 43 P.S. §802(a).

receipt of the information requested concerning the recall letter.

The claimant contends that she did not receive either the recall letter or the phone messages. There was testimony, however, that the letter was correctly addressed to her home address, and that the phone messages were given to someone who identified herself as the claimant's sister and to another person who identified herself as the claimant's friend. The claimant does not argue that a message was not given to her sister, but that her sister never relayed the message to her, because, as a result of a disagreement, they do not speak to each other. As to the other message, she testified that she did not know which friend could have taken it.

Where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to a determination of whether or not the Board erred as a matter of law or necessary findings of fact are not supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980). Furthermore, the evidence must be considered in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. *James v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 489, 296 A.2d 288 (1972).

Here, the referee and the Board did not believe the claimant's testimony that she had not received the recall letter. There is no doubt that question of credibility, evidentiary weight and the inferences to be drawn from the evidence, fall within the province of the Board. *Condominium Corp. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 324, 398 A.2d 1122 (1979). The weighing of

the testimony is the true function of the Board, and its findings are conclusive in the absence of fraud. *Unemployment Compensation Board of Review v. Hart*, 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975). Therefore, matters of credibility being within the purview of the Board, the sole issue for our determination here is whether or not there is substantial evidence in the record to support the finding that attempts were made to reach the claimant, but that she failed to respond.

The primary evidence offered was a carbon copy of the IRS letter dated April 1, 1980 which was addressed to the claimant at her correct home address. The letter stated that the IRS had attempted to contact her on March 27, 1980 and on March 31, 1980, and had left messages with her sister and her friend, asking her to call. The claimant contends that this letter is hearsay evidence, which is totally uncorroborated by any other evidence in the record. We believe, however, that her own testimony serves to corroborate the evidence, and, as we have previously held, hearsay evidence, admitted without objection, will be given its natural probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). The claimant testified that her previous recalls to the IRS had been accomplished by telephone, and that this was the usual procedure. Additionally, when asked where the employer would have spoken with her sister, the claimant stated, "it probably was at my house".[3] Moreover, the claimant

---

[3] Because the claimant had given the IRS two telephone numbers, one for her house and one for her mother's house, it would have been possible for the employer to reach her sister at either number. However, the claimant stated that her sister was probably reached at her [the claimant's] house.

admitted that even after being notified that her checks were being held pending receipt of the information requested concerning the recall letter, she did not contact the IRS to question this reference to a recall letter, or to verify that she *was* able to work, if needed. Because the introduction into evidence of the April 1, 1980 letter to the claimant was not objected to, and was corroborated by "competent evidence in the record," we believe that the findings are supported by substantial evidence, and we must affirm the decision of the Board.

### Order

And Now, this 8th day of November, 1982, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.