National Keystone Products, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Max Wasserman, Intervenor.

Argued February 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Tom P. Monteverde, Monteverde, Hemphill, Masch-meyer & Obert,* for petitioner.

No appearance for respondent.

*Joseph P. Grimes, Donsky, Levin, Dashevsky & Nolan,* for intervenor.

OPINION BY JUDGE MACPHAIL, April 13, 1983:

National Keystone Products (Employer) appeals a decision of the Unemployment Compensation Board of Review (Board) granting benefits to Max Waserman (Claimant). We affirm.

Claimant was last employed as a General Manager for Employer, a wholesale supply house dealing primarily with dental industry supplies. Claimant's last day of work was May 29, 1980, at which time he was discharged because Employer believed that Claimant was stealing company merchandise or the payments on sale of company merchandise. The referee,[1] reversing the decision of the Office of Employment Security, found Claimant ineligible for benefits on the basis of willful misconduct. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). The Board, without taking any further testimony, reversed the referee, finding that the Employer failed to show that Claimant had taken merchandise or the payments for the merchandise.

The burden of proving willful misconduct is on Employer. *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503,

---

[1] The matter was actually heard by two referees' the first having retired during the interim between the first and second hearing dates.

395 A.2d 708 (1979). Where the party with the burden of proof fails to prevail before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Philadelphia County Board of Assistance v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 451, 454, 440 A.2d 693, 695 (1982). Capricious disregard of evidence has been defined as a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have disregarded in drawing a conclusion. *Id.*

Employer contends on this appeal that the Board capriciously disregarded uncontradicted testimony and business records which showed that Claimant had stolen merchandise or payments. We cannot agree. While it is true that two witnesses for Employer testified that Claimant admitted to theft, the Claimant in his testimony denied having made any such admission and denied having stolen anything from Employer. The resolution of such a conflict in the testimony is undoubtedly within the Board's province to determine. *Miller v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 257, 424 A.2d 609 (1981).[2] Regarding the documentary evidence and other uncontradicted testimony, the Board in its decision specifically recognized that Employer discovered invoices of supplies purchased or delivered to persons for whom no billing was sent by

---

[2] Employer complains that the Board's failure to refer or summarize the testimony of its witnesses shows capricious disregard. However, the Board in its discussion specifically noted that there were conflicts in the testimony which it chose to resolve in Claimant's favor.

Employer. The Board also found, *from uncontradicted testimony,* that certain dealings by Employer with another company named Philadelphia Dental Supply were performed through dummy purchase orders without an accurate record of actual transactions. The Board did not capriciously disregard this evidence; rather, the Board determined that this evidence failed to show theft by Claimant. Even though we may have drawn a different conclusion from the evidence, we are not the finders of fact and we must agree that the evidence presented proves no more than that Claimant's signature or initials were present on invoices for which there was found no corresponding billing. While one could infer from this that Claimant was appropriating company goods for his own profit, one could also infer that Claimant was careless[3] in signing invoices or that Employer's billing system was faulty. Many of the complained of purchases and sales also were made to Philadelphia Dental Supply, referred to above, and thus may have been part of the unrecorded dealings with that company. In any event, the Board was acting within its proper authority when it resolved the inferences from this evidence in Claimant's favor. *Wilkins v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 591, 593, 451 A.2d 1069, 1070 (1982).

Employer has, in the alternative, requested a remand for the purpose of taking further testimony. Employer desires to present corroborative testimonial explanation for seven documents admitted into the record. We fail to see any necessity for a remand. All seven documents were received, *along with* Employer's counsel-prepared memorandum explaining

---

[3] Employer has not attempted to justify its actions based on Claimant's carelessness, but rather has continued to assert that the evidence presented shows theft by Claimant.

the significance of these documents. The record reveals that at the intial hearing Employer's counsel suggested that this memorandum be entered into evidence subject to cross-examination of Claimant's counsel. We, therefore, can find no reason to order a remand for further testimony merely corroborative in nature.

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-196599, dated June 29, 1981, is hereby affirmed.

President Judge CRUMLISH, JR. dissents.