Selma Dempsey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 22, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert E. Paul, Shein and Brookman, P.A.,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Craig, November 1, 1985:

Claimant Selma Dempsey has appealed an order of the Unemployment Compensation Board of Review which affirmed a referee's denial of benefits on the ground of willful misconduct.[1]

The claimant worked for the Philadelphia Child Guidance Clinic for over seven years. In her position, the claimant had broad administrative responsibility for the administration of the employer's preschool and parent awareness program. Her duties included the submission of medical claims to the Department of Public Welfare (DPW) to obtain payment for services rendered to eligible clients of DPW's medical assistance program (Medicaid). The clinic terminated the claimant's employment as of May 17, 1983 after their investigation indicated that she and her staff had submitted fraudulent Medicaid claims amounting to thousands of dollars to DPW for services never rendered to clients.

In this appeal, the sole issue which we must resolve is whether the claimant's failure to bring a questionable billing procedure instituted by a former supervisor to her new supervisor's attention constituted willful misconduct so as to render her ineligible for benefits.[2]

---

[1] Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] Our scope of review in unemployment cases is limited to determining whether an error of law was committed or whether the board's findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Saxton v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983). In discharge cases, such as this one, the employer bears the burden of proof of showing willful misconduct on the part of the employee. *Comp v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 577, 478 A.2d 503 (1984).

The pertinent findings of the board, which the claimant does not dispute, were these:

4. On or about January 26, 1981 claimant's supervisor instructed the claimant that *all* hours that the preschoolers were in the classroom should be billed to a federally funded medical assistance program rather than only those hours that the preschoolers met in group session with the program's clinical psychologist. (Emphasis in original.)

5. Though claimant questioned the ethical and legal implications of the above billing instructions, she was assured by her supervisor that the procedure was both legal and ethical.

6. The billing practice became the standard procedure and the clinical psychologist signed forms indicating the services had been rendered when, in fact, the psychologist had not been present at the clinic that day and the claimant gave the forms to the secretary to do the actual billing.

7. When claimant's prior supervisors left the clinic and were replaced by the claimant's present supervisors, claimant did not raise the issue of the billing procedure to her new supervisors.

8. Claimant was discharged by her supervisors for failing to bring her employer's attention to the illegal billing practice.

The board concluded that the claimant's failure to act toward amending what she considered to be an illegal and unethical billing procedure constituted a disregard of the standards of behavior which an employer has a right to expect of an employee and hence amounted to willful misconduct. The board also held that the fact that claimant was a program director in a posi-

tion of responsibility increased her duty to disclose the questionable billing practice to the employer.

The case law defines "willful misconduct" to comprehend an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer had a right to expect of an employee or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

Despite the closeness of the call to be made in this case and an inescapable realization of the difficulties surrounding the situation of this claimant, the conclusion must be that her continuation of illegal Medicaid billing practices, albeit instituted by her earlier supervisor, evidenced a disregard of standards of behavior which the employer had a right to expect of her and therefore constituted willful misconduct.

No one can ignore the fact that the path is never easy when an employee encounters the necessity of going over the head of a supervisor to record an objection to fraudulent business. Undeniably, recent history has included a number of reports that some persons who do so—who shoulder the burden of being whistleblowers—have lost their jobs because of their courage. Of course, the eligibility of a fired whistleblower for compensation should be upheld, although that consolation admittedly may be a small one.

Consistent with judicial principle, we must conclude that an employing institution has a right to expect that employees in responsible positions will report fraudulent conduct and not continue it.

The claimant's brief has argued cogently that, even if the willful misconduct characterization is applicable,

there should be no disqualification of the claimant because the employer made her a victim of discrimination by enforcing a policy of rectitude only against her. Of course, an employer who has enforced a standard unevenly and in a discriminatory manner is not entitled to expect obedience to that standard by a particular employee. *Woodson v. Unemployment Compensation Board of Review*, 461 Pa. 439, 336 A.2d 867 (1975); *City of Beaver Falls v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 14, 441 A.2d 510 (1982).

However, the record here does not support the charge of discrimination. The employer also fired two doctors and two clinicians who were actively involved in the process and, in addition, required the resignation of the supervisor who had given the claimant improper instruction. Although the employer apparently did not fire the replacement supervisor, nothing in the record establishes active involvement or awareness by that individual, even though she occupied for a year the same position as that which had been held by the former supervisor who had initiated the improper practice. The record does not support the charge of discrimination.

In defining the issue, the claimant's brief relies strongly upon the premise that no representative of the employer ever counseled the claimant that the practice was wrong, but that premise fails in the face of the board's finding that she was aware of its impropriety, a finding based on her own testimony.

An affirmance of the board's decision is required.

ORDER

Now, November 1, 1985, the decision of the Unemployment Compensation Board of Review, Decision No. B-227971, dated February 28, 1984, is affirmed.

DISSENTING OPINION BY SENIOR JUDGE BARBIERI, November 1, 1985:

I must respectfully dissent from the majority who would hold that a lower echelon supervisor commits willful misconduct when she fails to call a new supervisor's attention to a questionable business practice after her prior supervisor had assured her that the practice was both ethical and legal. I respectfully submit that the Claimant here had a right to rely upon the assurances of her supervisor regarding the legality of the questioned business practices until contrary information was received. That contrary information was not received by the Claimant until the employer had already decided to terminate her. In *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978), our Supreme Court held that the actions of an employee which may otherwise constitute "willful misconduct" do not do so where the employee has a good reason for the questioned conduct. *See also, Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 84, 351 A.2d 631, 633 (1976). It is my opinion that the Claimant here had good reason for not questioning the Medicaid billing practices to her new supervisor and that the Board erred as a matter of law when it found her conduct to constitute willful misconduct.

I would reverse the Board and award benefits.