516 A.2d 806

Juan A. Mendez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 11, 1986, to Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Stephen R. Krone,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, October 21, 1986:

Juan A. Mendez (petitioner) appeals from a denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) on the grounds of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., (1937) P.L. 2897, *as amended,* 43 P.S. §802(e). The Board in this case affirmed the referee's denial of benefits.

Petitioner was employed by Dutch Boys Cleaning Service (employer) from August 17, 1981, until October 18, 1984, when he was specifically discharged because of lateness pursuant to his employer's policy which mandated firing for a third instance of lateness, regardless of the reasons therefor.

The referee found and the Board agreed that petitioner was late on August 30, 1984, because he overslept, that he was late on September 10, 1984, because of car trouble, and that he was late on October 18, 1984, because of a traffic accident on the interstate highway he used to get to work.

The record indicates that employer implemented a so-called "no-fault progressive disciplinary policy." This required a warning after one instance of lateness, a suspension for a second episode, and a discharge for the

third such instance. These penalties were enforced without regard to the reason for the lateness.

The burden of proving willful misconduct is upon the employer. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Where the party with the burden of proof prevails before the Board, our scope of review is limited to determining whether substantial evidence supports the Board's necessary findings of fact or whether an error of law was committed. *Dempsey v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 524, 499 A.2d 740 (1985). In this case, the burden was on the employer to prove that the petitioner's lateness rose to the level of willful misconduct. Whether or not an employee's conduct constitutes willful misconduct is a question of law subject to our review, and we must make that determination in light of all the circumstances. If the claimant's conduct was reasonable or justifiable under the circumstances, it cannot be said to be willful misconduct. Occasional lateness is insufficient to support the legal conclusion of willful misconduct. *Verner v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 138, 471 A.2d 139 (1984).

The referee in this case specifically found[1] that petitioner's lateness on October 18, 1984, was due to a traffic accident on the interstate highway he used to get to work but that this did not amount to good cause because "he could have started to work early enough to allow for hold-ups on the interstate highway." What con-

---

[1] Finding of fact number 3 states: "He was late on October 18, 1984, because there was a traffic accident on the interstate highway he used to get to work." Finding of fact number 8 states: "The claimant did not have good cause for being late on those three days, since he could have started to work early enough to allow for hold-ups on the interstate highway."

stitutes good cause is an issue of law subject to our review. *Gettig Engineering v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 416, 473 A.2d 749 (1984). When an employee has good cause for his conduct and can show that his actions were justifiable or reasonable under the circumstances, he may not be charged with willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

Here, the referee specifically found that petitioner was late due to a traffic accident resulting in an obstruction of the interstate highway. It is unreasonable to declare, in retrospect, that petitioner should have left for work early when he had no reason to know of the delay he would encounter.

The Board's conclusion that petitioner did not have good cause for being late on October 18, 1984, was an error of law. Since this incident was the reason cited by the employer for dismissal, a denial of unemployment compensation benefits may not be maintained on the record in this case.

Accordingly, the decision of the Board is reversed.

ORDER

AND NOW, this 21st day of October, 1986, the order of the Unemployment Compensation Board of Review, Decision No. B-239548, dated April 15, 1985, is hereby reversed.

Judge PALLADINO dissents.