554 A.2d 616

Claude Herbert, Petitioner *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Respondent.

Submitted on briefs January 4, 1989, to Judges
DOYLE and MCGINLEY, and Senior Judge BARBIERI, sitting as a panel of three.

*Terry L. Fromson,* for petitioner.

*Maribeth Wilt-Seibert,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 22, 1989:

This is an appeal by Claude Herbert (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which denied Claimant benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct).

The Board made its own findings and found that Claimant had been employed by Liberty Maintenance (Employer) as a maintenance worker from April 15, 1978 to December 17, 1987. During the course of his employment Claimant had a history of tardiness and received warnings in this regard. Claimant was discharged for being one hour late to work on December 17. The Board specifically found that Claimant did not have good cause for his lateness and denied benefits. This appeal ensued.

On appeal, Claimant contends that the Board erred in concluding that he lacked good cause for his lateness. Claimant testified that he had left home for work at his usual time but that because of a fire he encountered en route to work and the resultant traffic tie-up he was late, and was unable to telephone and report his whereabouts. This testimony was unrebutted. The Board, in concluding that Claimant had not established good cause for his conduct, never explained whether it had rejected Claimant's evidence on credibility grounds or on grounds that

it was a legally insufficient excuse even if believed. As our opinion will explain, this distinction is critical.

It is clear that the burden to prove willful misconduct is on the employer. *Mendez v. Unemployment Compensation Board of Review,* 101 Pa. Commonwealth Ct. 366, 516 A.2d 806 (1986), *petition for allowance of appeal denied,* 515 Pa. 589, 527 A.2d 548 (1987). Excessive lateness where warnings were given can be a basis for a determination of disqualifying willful misconduct. *See, e.g., Dotson v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 248, 425 A.2d 1219 (1981). An employee, however, can be eligible for benefits if his lateness was for "good cause," *i.e.,* justifiable under the circumstances. *Mendez.* The employee bears the burden of establishing good cause. *Fritz v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 492, 446 A.2d 330 (1982).

We held in *Mendez,* that where an employee with a past record of tardiness was discharged for the final act of lateness occurring because of a traffic accident resulting in an obstruction on an interstate highway, the employee had established good cause for his lateness and could not be denied benefits. *Mendez* is factually analogous to Claimant's version of what occurred in this case.[1] Thus, *if* the Board rejected Claimant's good cause argument as legally insufficient it acted in a manner inconsistent with this Court's opinion in *Mendez* and, thus, committed error. If, however, it rejected claimant's evidence as unworthy of belief, then benefits were properly denied. This is so because the Board is the fact finder and its role

---

[1] Claimant contends that the testimony that he had a history of lateness and that he had received prior warnings was too general to support a finding of excessive tardiness. Considering that Claimant admitted to some prior lateness and that the individual who testified for the employer was the one who had actually issued the warnings, we believe the evidence was sufficient.

is to determine credibility matters. *See Bowman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980). And, even though Claimant's evidence on the issue of good cause was unrebutted, the Board was not obligated to accept it. *Carriers Terminal Co. v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 586, 449 A.2d 873 (1982). *See also Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

Because we are unable to determine on what basis (credibility or legal insufficiency) the Board rejected Claimant's good cause argument, we must vacate its order and remand for the Board to issue a further explanation of its ruling.[2]

## ORDER

NOW, February 22, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and this case is remanded with directions to the Board to clarify its adjudication in accordance with the foregoing opinion.

Jurisdiction relinquished.

Senior Judge BARBIERI dissents.

---

[2] We do agree with Claimant that the fact that he did not call to report that he would be late is irrelevant as that fact did not form the basis for the discharge.