Milton E. Bilsing, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, January 30, 1978, to Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Harry K. McNamee,* with him *Marshall, McNamee, MacFarlane & Vierthaler,* for appellant.

*William J. Kennedy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 2, 1978:

Milton E. Bilsing has appealed from an order of the Unemployment Compensation Board of Review which affirmed a referee's decision denying him unemployment compensation benefits by reason of his asserted wilful misconduct, pursuant to Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Bilsing was dismissed from his employment as a maintenance worker with St. John's Convalescent Home. On his application for unemployment compensation benefits Bilsing stated that he was discharged by his employer because he lost his license to operate a motor vehicle. Bilsing's employer informed the Bureau by telephone conversation that Bilsing was discharged for infractions of its policy with respect to absence from work without notice and lateness. The employer later submitted writings to the Bureau called infraction reports on which were recorded some absences and, in addition, a report that Bilsing had left a clothes dryer unattended contrary to instructions and the employer's safety rules. The Bureau notified Bilsing in writing that he was ineligible for compensation because his separation from employment was the result of his wilful misconduct, consisting of absenteeism and lateness. The notice did not mention the dryer incident. Bilsing appealed this determination.

At the referee's hearing Bilsing appeared with a Legal Intern of the Neighborhood Legal Services of Butler, Pennsylvania. The employer representative immediately testified to the incident with the dryer which he said Bilsing abandoned with resultant scorching or burning of the contents. The Legal Intern objected to this evidence as having nothing to do with absenteeism or lateness, the only reason given by the

Bureau for denying benefits. The dryer evidence went in over objection; and other evidence on the subject of absenteeism was duly adduced.

The referee approved the denial of benefits for Bilsing's wilful misconduct based on findings both of absenteeism and of Bilsing's abandonment of the dryer. The Board of Review affirmed the referee's decision without comment.

Among other questions, the appellant complains that the referee should not have considered the dryer incident as cause for denying benefits because that matter had not been ruled on by the Bureau, as demonstrated by the notice of its determination which referred only to absenteeism and lateness. The appellant says that this action was unfair and that it was also a breach of the Department of Labor and Industry Regulation at 34 Pa. Code §101.87:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

We agree with the appellant that if the Bureau in notifying a claimant of his ineligibility for reasons of wilful misconduct describes the offending misconduct, fairness and the regulation just quoted require that the evidence adduced at the referee's hearing be limited to the kind of conduct described in the notice. For this and for the further reason that some (but by no means all) of the referee's crucial findings with respect to Bilsing's absenteeism are not supported by

any evidence in the record, we will remand the record to the Board of Review for further hearing.

ORDER

AND Now, this 2nd day of March, 1978, the Board of Review's decision appealed from is set aside and the record is remanded for further hearing and disposition consistent with this opinion.