Hanover Concrete Co., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Daniel M. Frey*, with him *Crabbs, Cashman & Frey*, for petitioner.

*Michael Klein*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., June 21, 1979:

Claimant, Ralph E. Shorb, was granted unemployment compensation benefits by a referee and the Unemployment Compensation Board of Review (Board). His employer, Hanover Concrete Company (Hanover), appeals. We affirm.

We hold the Board did not err in determining that Shorb's conduct was not willful misconduct chargeable under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second

Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Shorb, a truck driver, was notified of his dismissal from work because on one occasion he publicly disparaged a customer's credit rating.[1] However, at the referee and Board hearings Hanover presented over objection, evidence of additional grounds for the discharge which were disregarded in overturning the Bureau's denial of benefits.

The Board argues that, as a reviewing body of the Department of Labor and Industry, it may only consider the merits of the incident which was the subject of the Bureau of Employment Security's determination notice. In support, it cites 34 Pa. Code §101.87:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

We agree that the Board may only consider the nature of the alleged willful misconduct as delineated in the Bureau's determination notice. To allow a critique of other conduct against which charge the employee is unprepared to defend or explain is fundamentally unfair and, absent mutual consent of its consideration, is prohibited. *Corressel v. Unemploy-*

---

[1] While off-duty in a drinking club, Shorb remarked to a fellow employee and to employer's customer that employer "was carrying along the discount" of that customer. The innuendo was that the customer was behind in his payments to employer.

*ment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978); *Bilsing v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 199, 382 A.2d 1279 (1978).

Before returning to the facts purporting to be willful misconduct, we are reminded that the burden of establishing the claimant's ineligibility is upon the employer and our scope of review is limited to questions of law and to a determination of whether or not the conclusions of the Board are supported by substantial evidence. *Luketic v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 361, 386 A.2d 1045 (1978). Furthermore, an employee's conduct purporting to be willful misconduct is an issue of law reviewable by us. *Murraysville Telephone Co. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979).

Next, from a reading of the record, we conclude that the reviewing bodies reached a reasonable conclusion when they found that an isolated derogatory comment of a customer's economic shortcomings is not willful misconduct. In short, the referee and the Board did not err when they found that Shorb's conduct, although indiscreet, did not constitute the requisite serious disregard of his responsibility to his employer in a manner that in some real sense was detrimental to his employer's interest. *Lytle v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 77, 387 A.2d 962 (1978).

Accordingly, we

### ORDER

AND Now, this 21st day of June, 1979, the order of the Unemployment Compensation Board of Review dated April 5, 1977, awarding Ralph E. Shorb unemployment compensation benefits, is hereby affirmed.