Marianne B. Lecker, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 6, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Thomas G. Wagner,* for petitioner.

*Charles Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 19, 1983:

Marianne B. Lecker (Claimant) appeals from an order of the Unemployment Compensation Board of

Review (Board), affirming an order of a referee denying Claimant unemployment compensation benefits by reason of her alleged willful misconduct in leaving work early after she was warned not to do so.

On Claimant's application for unemployment compensation benefits she alleged she was laid off due to a general cutback. Compacted Powdered Metals, Inc. (Employer) informed the Office of Employment Security (Office) by letter that she was not laid off, but rather was discharged for cause and was told the following reasons for her discharge:

> Carelessness in her work, not following instructions, (doing work to her satisfaction—not the companies [sic]). We have had complaints from customers and sales representatives as to Marianne's attitude in handling her job which led to her discharge.

In the summary of the interview presented to the Office, the Employer, by phone, expanded on the reasons for Claimant's discharge by stating:

> Claimant had been talked to regarding her attitude and failure to do the assigned work with accordance with the employer's instructions. One day she called a customer over the phone a male chauvnist [sic] pig and she was called on that. She was supposed to give price quotes to customers and she didn't get back to them. Twice she drove her car over the front lawn of the company to get into the parking lot, she was also told about that. She did not perform her duties in accordance with the employer's instructions, and she had been talked to about this before she was discharged.

In its notice of determination, the Office informed Claimant that her claim for benefits was disapproved due to her willful misconduct in failing to follow Em-

ployer instructions regarding assigned work despite prior warnings. Neither the notice of determination nor any of the proceedings of record to this point mentioned leaving work early as a basis for her dismissal on the grounds of willful misconduct.

At the referee's hearing, in addition to evidence concerning the alleged inefficiency of Claimant's work, the mistakes she made, her failure to complete work assignments promptly, her driving across the lawn, and her playing the radio too loud, the Employer for the first time raised the issue that she was leaving work early.

The referee in his decision concluded that the playing of the radio or the quality of her work were not acts that rise to the level of willful misconduct. He did conclude, however, that the Claimant was warned that she was not to leave work early and that when she continued to do so, she committed an act of willful misconduct. On that basis, with that modification, the referee affirmed the Office's determination of ineligibility. The Board affirmed the referee's decision without comment.

Claimant asserts in her appeal that the referee should not have considered evidence relating to her leaving work early as a cause for denying benefits because that matter had not been ruled on by the Office. We agree that the referee on appeal must consider only those charges of willful misconduct as delineated in the Office's determination notice. *See Corressel v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 437, 439, 385 A.2d 615, 616 (1978); *Bilsing v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 199, 201, 382 A.2d 1279, 1281 (1978). "To allow a critique of other conduct against which charge the employee is unprepared to defend or explain is fundamentally unfair and, absent

mutual consent of its consideration, is prohibited.'"[1] *Hanover Concrete Co. v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 463, 465, 402 A.2d 720, 721 (1979). It is apparent to us that the referee here failed to follow that case law when he determined the Claimant to be ineligible for unemployment compensation benefits for a reason not submitted to or ruled upon by the Office.

Neither are we fully satisfied that the Board has made sufficient findings[2] on the matters that were de-

---

[1] 34 Pa. Code §101.87 provides that:

When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal, the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if speedy administration of justice, without prejudice to any party, will be substantially served thereby.

We have not discovered any such approval by the parties in this case.

[2] The following are the referee's findings, which are the only findings supplied for our review:

1. The claimant was last employed by Compacted Powdered Metals, Inc. for two years as a customer service salesperson at a final rate of pay of $4.77 an hour. Her last day of work was December 12, 1980.

2. The claimant was employed on the 8:00 A.M. to 5:00 P.M. shift Monday through Friday.

3. In late October or early in November 1980 the claimant was removed from a salary basis and put on an hourly basis because she had been leaving work early without permission.

4. Following an oral warning with respect to leaving early without permission the claimant again left early on nine occasions. The most recent incident occurring on December 11, 1980.

5. On December 12, 1980 the claimant was discharged for leaving early and for numerous other reasons.

6. The claimant was also discharged because she had played a radio during working hours and the employer was dissatisfied with her job performance.

270

lineated in the Office's determination for us to perform our responsibility of appellate review. It is necessary, therefore, that this case be remanded to the Board for further proceedings not inconsistent with this opinion.

### ORDER

It is ordered that the order of the Unemployment Compensation Board of Review, dated May 4, 1981, and numbered B-194961 is hereby vacated and remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.