504 A.2d 973

Carlos Diaz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1985, to Judges MACPHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen R. Krone,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, February 13, 1986:

Claimant Carlos Diaz appeals here the order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision denying Claimant benefits pursuant to the willful misconduct provision of the Unemployment Compensation Law (Law).[1]

The referee found that Claimant, who worked as a taxi driver, was discharged for giving a dishonest account of the cause of damage to the taxi cab; that the Claimant told the employer that he noticed the radiator was loose after driving over a speed bump; and that the employer found, upon examining the cab, that the radiator brackets which held the radiator in place had been twisted to the extent that he believed that only by driving in reverse over an obstruction could the damage have occurred. The referee also included in her findings of fact a statement that the bargaining agreement between the union and the employer permitted immediate discharge for dishonesty. The referee concluded that Claimant failed to provide the employer with a credible explanation regarding the damage to the cab and that dishonesty constitutes dis-

[1] Section 402(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

regard of the standard of behavior which an employer has a right to expect of an employee. The referee denied Claimant benefits and the Board summarily affirmed the referee's decision.

On appeal to this Court, the Claimant argues that the Board, by affirming the referee, erred as a matter of law in finding Claimant guilty of willful misconduct. Claimant argues that the referee erred in considering any reason for Claimant's discharge other than those reasons given Claimant for his ineligibility in the Office of Employment Security (OES) Notice of Determination.

Claimant's assertions regarding the limitations imposed upon the referee and Board in reviewing Claimant's eligibility are correct. In *Bilsing v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 199, 382 A.2d 1279 (1978), we stated that, if the Bureau in notifying the claimant of his ineligibility for willful misconduct describes the offending misconduct, fairness and 34 Pa. Code §101.87[2] require that the evidence adduced at the hearing be limited to the kind of conduct described in the notice. The OES notified Claimant he was ineligible under Section 402(e) of the Law because he had been negligent in using the employer's equipment and, as a result, the cab had been damaged. Thus, the referee and the Board were limited to determining if and how any damage occurred to the employer's equipment.

---

[2] The regulation provides:

When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

At the hearing, the employer, in an effort to meet his burden of proof, brought to the referee's attention two provisions in the parties' bargaining agreement which were then admitted into the record: (1) that drivers are required to operate vehicles in a careful and prudent manner, and (2) that no notice need be given an employee prior to discharge if the cause of the discharge is dishonesty. At that point the employer began informing the referee of Claimant's dishonesty in connection with reporting the damage to the cab.

The referee's decision denying Claimant benefits turns on Claimant's failure to give the employer an accurate account of the circumstances surrounding the damage to the taxi cab. Finding number three is the Claimant's account of the reasons for the damage; finding number five is the employer's explanation as to what the employer believed must have happened to have caused the damage. In the discussion portion of the decision the referee concluded that the Claimant failed to give a credible explanation of the damage to the cab, and, because of his dishonesty, he must be denied benefits. There is no finding regarding the actual cause of the damage to the cab and whether Claimant's negligence was the proximate cause of the damage. These two findings are necessary in light of the Notice of Determination declaring Claimant ineligible for benefits because of his negligence resulting in damage to the employer's vehicle. Therefore, to facilitate our review of this case, we will remand this case to the Board for the necessary findings outlined above.

### ORDER

AND Now, this 13th day of February, 1986, the order of the Unemployment Compensation Board of Review, No. B-234580, dated September 21, 1984, is hereby vacated and the matter is remanded for fur-

ther proceedings consistent with this opinion. Juris-
diction relinquished.