527 A.2d 615

Bruce E. Shearer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 20, 1986, to Judges BARRY and PALLADINO (P.), and Senior Judge BARBIERI, sitting as a panel of three.

*John W. Purcell, Jr., Purcell, Nissley, Krug & Haller,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, June 16, 1987:

Bruce E. Shearer, claimant, appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was employed by Comsen, employer, as a computer programmer for approximately ten months. On his discharge, he applied for unemployment compensation benefits at the Office of Employment Security (OES). The OES determined that claimant was ineligible for benefits because he violated his employment contract with employer. Claimant appealed this determination to the referee who affirmed the decision of the

OES but on different grounds. The referee's determination was based on his finding that claimant was guilty of willful misconduct due to his poor work performance. On appeal, claimant argues that the referee was precluded from addressing the issue of poor work performance because the OES did not rule on that issue. The claimant further maintains that, even if the referee's actions were proper, his determination that claimant was guilty of poor work performance is not supported by substantial evidence. Claimant urges that, because it was demonstrated at the referee's hearing that the OES determination was incorrect and that the OES failed to rule on any other grounds, this matter should be reversed.

The employer bears the burden, in an unemployment compensation case, of proving that its former employee was guilty of willful misconduct. *Wysocki v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 260, 487 A.2d 71 (1985).

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

The first issue before us is whether the referee and Board were precluded from addressing the issue of whether claimant's poor work performance constituted willful misconduct when the OES denied benefits solely on a finding that claimant violated the employment contract by working for a competitor.

In *Hanover Concrete Company v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 463, 402 A.2d 720 (1979), we held that "the Board may only consider the nature of the alleged willful mis-

conduct as delineated in the Bureau's determination notice." 43 Pa. Commonwealth Ct. at 465, 402 A.2d at 721. We have held likewise in similar cases. *Corressel v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978) (the OES based its determination of her ineligibility on a "voluntary quit" claim while the Board based its affirmation of the OES on an "able-and-available" issue); *Lecker v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 266, 455 A.2d 234 (1983) (the OES based its determination on its finding that the claimant failed to follow employer instructions regarding assigned work while the Board made its findings on the basis that claimant was guilty of willful misconduct for leaving work early); *Diaz v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 137, 504 A.2d 973 (1986) (OES notified claimant that he was ineligible for benefits due to his willful misconduct when he negligently used the employer's equipment while the Board found claimant guilty of willful misconduct for his failure to give the employer an accurate account of the circumstances surrounding the damage to the taxicab); *Bilsing v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 199, 382 A.2d 1279 (1978) (OES determined that claimant was ineligible for compensation because of his absenteeism and lateness while the Board determined that claimant was ineligible because of his violation of employer's safety rules by leaving unattended clothes in a dryer). In all of these cases, our policy considerations have been the same—to permit a proceeding to stand in which one party was not notified of a charge upon which evidence would be produced and a ruling issued is fundamentally unfair and prohibited. Normally, the referee's and Board's ruling on this case with respect to poor work performance would be considered fundamen- ·

tally unfair since the OES notice of determination listed only the claimant's violation of the employment contract by working for a competitor as the basis for a finding of willful misconduct. However, there are distinguishing factors about this case which cause us to decide it differently.

The record before us shows that there is no question that the OES and the Board ruled on different grounds. However, the record further reveals that, during the proceedings, the employer's counsel, bearing the burden of proving willful misconduct, proceeded to present evidence to show that claimant was fired due to poor work habits. Upon claimant's counsel's objection, the referee recognized the development of a potential violation of the cases outlawing such a practice. He, therefore, restricted employer's counsel to present evidence only with respect to claimant's alleged violation of the employment contract provision which forbade working for a competitor. The referee further noted the employer's exceptions. Later in the proceedings, claimant's counsel, while attempting to prove the claimant was fired for reasons other than a contract violation, entered into the area of work performance. At that point, the referee intervened and presented the claimant with two alternatives. The first alternative was to agree that the referee would remand to the OES to permit the OES to correct what the referee perceived to be an error in its notice of determination or, secondly, to open the proceeding up to permit evidence of claimant's work performance. This latter alternative, in effect, would entail a waiver of any objection to the notice of determination. Claimant's counsel, stating that it was pointless to delay, agreed to permit the introduction of evidence of claimant's work performance. The employer's counsel proceeded to present the employer's witness who testified to problems with claimant's work performance.

Claimant's counsel then proceeded to cross-examine that witness. The question then becomes whether claimant waived his right to challenge the discrepancy in the rulings of the referee and OES by agreeing to proceed further in the referee's proceeding rather than agree to a remand. In order to determine that issue we must first look to see whether the referee and the Board are foreclosed from ever deciding an issue which was not presented to it by the OES. In *Chiaro v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 459, 366 A.2d 959 (1976), a case cited by *Corressel*, we remanded the matter back to the Board to afford the claimant an opportunity to present evidence relative to the issue which they were unprepared to defend. Similarly, we remanded in *Bilsing, Corressel, Diaz* and *Lecker.* Our holdings in these cases require that the matter be remanded so that the unprepared claimant will be able to defend against all charges. Thus, because the OES, in this case, did not rule on claimant's work performance, an issue which the employer presented before the OES in its Employer Separation form, neither the referee nor the Board was forever precluded from doing so but only required to proceed with proper attention to due process and fairness. Here, we need not remand since the referee recognized the apparent violation of case law and provided the claimant with an opportunity to delay the proceedings. The claimant declined. He cannot now claim that he was unfairly surprised. This is consistent with 34 Pa. Code §101.87.

Having determined that the referee and Board properly ruled on the issue of claimant's work performance, we look to the Board's findings to determine whether these findings are supported by substantial evidence. The record contains the testimony of employer's witness, Renee Herr, employer's account manager, who

testified that, although claimant, early in his employment, had exhibited proficient work skills and habits his work product had slipped drastically, his attitude had deteriorated and he made several serious mistakes with respect to customer transactions.[1] This evidence is sufficient to support the findings by the Board.

We, therefore, affirm.

## ORDER

NOW, June 16, 1987, the order of the Unemployment Compensation Board of Review, dated June 7, 1985, at No. B-240871, is affirmed.

---

[1] Ms. Herr testified that claimant provided an important customer with a "bad program" and then failed to promptly return that customer's complaint call after being directed to do so. In addition, claimant had begun reporting to work late even after being reprimanded and failed, on at least one occasion, to properly perform his filing responsibilities despite having exhibited the knowledge to aptly do the filing.