565 A.2d 829

**Edward SIMMONS, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Oct. 18, 1989.

Petition for Allowance of Appeal Granted May 22, 1990.

Sharon M. Dietrich, Philadelphia, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, John E. Herzog, Asst. Counsel, Harrisburg, for respondent.

Frayda Kamber, Deputy Chief Counsel, Harrisburg, for intervenor, Dept. of Labor and Industry.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Edward Simmons (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination to deny unemployment compensation benefits pursuant to Section 402(e) of the

Unemployment Compensation Law (Law) (willful misconduct).[1] We affirm.

Claimant was working for Nupra Industries Corporation (Employer) as a pumper when he was discharged in December 1987 for negligently allowing two tanks containing different types of waste oil to drain into a tank wagon which overflowed. The two oils could not be separated and thus caused damage in excess of $12,000 to Employer. Claimant had worked for Employer for seventeen years, but in the last six years he had received five warnings, including three suspensions, for similar conduct. The parties agree that Claimant's conduct was negligent and not intentional. The Office of Employment Security (OES) granted Claimant benefits on the basis that Employer failed to produce any evidence before the OES and failed to participate in the proceedings before the OES. Employer appealed and the referee reversed. Claimant then appealed to the Board which affirmed the referee's decision. Claimant's appeal to this Court followed.

Claimant's appeal raises two issues for review: (1) because Employer failed to participate at all before the OES, it is prohibited from filing an appeal from that determination, and (2) Claimant's conduct did not rise to the level of willful misconduct.

■ With regard to the first issue, Claimant contends that only an employer who receives notice required to be furnished by the OES pursuant to Section 501,[2] 43 P.S.

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

2. Section 501 provides in pertinent part:

 [c](3) Notice of such determination need not be given to any base-year employer or last employer of the claimant *unless such base-year employer or last employer has filed with the department information in writing* which might raise a question as to the eligibility of the claimant for any reason other than his failure to comply with the provisions of section four hundred one (a), in which event notice *shall* be given as provided herein.

 . . . .

 (e) Unless the claimant or last employer ... files an appeal with the board, from the determination contained in any notice required

§ 821, can appeal an OES determination. Employer here failed to furnish evidence to the OES and because Employer did not participate before the OES, Claimant posits, it was thus not entitled to notice under Section 501 and therefore not permitted to appeal. We do not agree with Claimant's logic. Section 501 does not purport to limit who may file an appeal challenging a claimant's eligibility for benefits; rather, that statute pertains to the *time limitation* for an appeal.

We note that the request for information by the OES is an informal one. In a case such as this, the OES gathers information through its "Summary of Interview" form. Based upon this and claimant's application for benefits, the OES makes its determination to grant or deny benefits. This process does not include a hearing nor is it adversarial in nature. It is not until the hearing before the referee that a claimant and an employer have a full and fair opportunity to present testimony and to have evidence entered on the record. We will not, therefore, preclude an employer from exercising its right to present evidence and to adduce testimony at a referee's hearing simply because it does not offer information to the OES, nor will we deny an employer, or a claimant, the right to appeal an OES determination to the referee and ultimately to the Board based on nonparticipation before the OES.

Claimant further argues that because Employer refused to provide information to the OES, he was deprived of notice of Employer's defense. Claimant cites several cases for the proposition that a denial of benefits is unjustified where a claimant is unprepared to defend against an issue through no fault of his own because of a lack of notice. *See, e.g., Bilsing v. Unemployment Compensation Board of Review,* 34 Pa.Commonwealth Ct. 199, 382 A.2d 1279 (1978), wherein our Court said:

> to be furnished by the department ... within fifteen calendar days ... such determination of the department, ... shall be final.... (Emphasis added.)

█f the [OES] in notifying a claimant of his ineligibility for reasons of wilful misconduct describes the offending misconduct, fairness and [34 Pa.Code § 101.87] require that the evidence adduced at the referee's hearing be limited to the kind of conduct described in the notice.

*Id.,* 34 Pa.Commonwealth Ct. at 201, 382 A.2d at 1281. In that case, the OES sent notice to the claimant that he was ineligible for compensation because of willful misconduct stemming from his absenteeism and lateness. The referee affirmed the denial of benefits based on absenteeism and lateness as well as on Claimant's negligent abandonment of a clothes dryer at work. On appeal, our court held that fairness and the provisions of 34 Pa.Code § 101.87 require that the evidence adduced at the referee's hearing be limited to the type of conduct described in the notice given Claimant by the OES. We thus set aside the Board's order and remanded for a further hearing.

In *Lecker v. Unemployment Compensation Board of Review,* 71 Pa.Commonwealth Ct. 266, 455 A.2d 234 (1983), we held similarly that a referee on appeal must consider only the charges set forth in the OES's notice. In that case, the OES denied benefits to the claimant based on the claimant's failure to follow her employer's instructions with regard to work assignments, despite prior warnings. The referee considered evidence at the hearing relating to the claimant's failure to follow the employer's instructions as well as several warnings by the employer about leaving work early. We held that it was incorrect for a referee to deny unemployment compensation for reasons not mentioned in the OES notice. We vacated the Board's order and remanded.

Again, in *Diaz v. Unemployment Compensation Board of Review,* 95 Pa.Commonwealth Ct. 137, 504 A.2d 973 (1986), the referee failed to make necessary findings regarding the issue stated in the OES notice and we remanded that case for the Board to make such findings.

█ Although Claimant cites *Bilsing, Lecker* and *Diaz* to bolster his argument, we cannot perceive how they help his

case. In those cases, as discussed earlier, we found fault with referees who had ruled on issues not set forth in the notices sent by the OES because it was unfair to the aggrieved party who did not receive notice of all the issues prior to the referee's hearing. Here, however, the OES provided Claimant with a "Notice of Hearing on Original Appeal" indicating that the specific issue to be considered at the referee's hearing was "whether Claimant's unemployment was due to discharge or temporary suspension from work for willful misconduct connected with unemployment." (Referee Exhibit No. 1). Claimant was, therefore, apprised of Employer's willful misconduct defense before the hearing and was not unfairly surprised. Further, unlike the cases Claimant relies upon, the only *charge* considered here as a basis for denial of benefits was the oil spill.

■ Claimant also argues that Board Regulation 101.87, 34 Pa.Code § 101.87, precludes a party from raising an issue at a referee's hearing that was either *not raised before or not considered* by the OES. Section 101.87 provides:

**Issues considered on original appeal**

When an appeal is taken from a decision of the [OES], the [OES] shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

The purpose of this rule is to prevent prejudice to a party who is not notified of the issues to be adjudicated before the tribunal.

■ We do not interpret Section 101.87 to limit the issues before the referee to those *raised* before the OES. We stated in *Corressel v. Unemployment Compensation*

*Board of Review*, 35 Pa.Commonwealth Ct. 437, 385 A.2d 615 (1978):

> when the [OES] notified the claimant of her ineligibility for the reason of a voluntary quit of her former employment, [Section 101.87] requires that the evidence adduced and determination made at the referee's hearing be limited to the legal issue *ruled on* by the [OES]. Here, although the evidence at the referee's hearing was directed to the voluntary-quit issue, the referee based the determination on an able-and-available issue. Our recent holding in *Bilsing v. Unemployment Compensation Board of Review*, 34 Pa.Commonwealth Ct. 199, 382 A.2d 1279 (1978), controls here and requires that we remand the record to the Board for further proceedings.

*Id.*, 35 Pa.Commonwealth Ct. at 439, 385 A.2d at 616 (emphasis added). The proper rule of law, therefore, is that evidence adduced and determinations made at the referee's hearing must be limited to the legal issues *ruled on* by the OES. As already indicated, the legal issue *ruled on* by the referee was the willful misconduct issue. The OES notified Claimant that willful misconduct was the issue that the referee would address at the hearing. Therefore, Claimant suffered no prejudice.

 Claimant next argues that the Board's findings of fact are insufficient to support a conclusion of willful misconduct under Section 402(e)[3] of the Law.[4]

The Board included in its findings:

1. Claimant was last employed by Nupra Industries Corporation as a pumper for 17 years, his last day worked being December 22, 1987.

**3.** Section 402 provides in pertinent part:
An employe shall be ineligible for compensation for any week—
. . . .
(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

**4.** Our scope of review is limited to affirming the Board's decision unless there was an error of law, a party's constitutional rights were violated, or the necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

2. Claimant was discharged for his negligence while operating a pump valve.

3. While in the process of pumping blown oil into a tank wagon from a storage tank, Claimant left open a valve from another tank of lard oil, thereby mixing the two oils in the tank wagon and causing the tank to overflow, with a resultant financial loss to the employer.

4. The two oils when mixed, are incompatible and could not be separated, thereby resulting in a financial loss to employer.

5. The financial loss to the employer exceeded $12,000.

6. Claimant had been involved in five additional similar incidents since May 7, 1981, those incidents occurring on May 7, 1981, June 24, 1982, May 24, 1983, July 29, 1985, and November 12, 1986.

7. Claimant received suspensions for four out of the five incidents.

8. Claimant knew that he should not mix the two oils or leave the valve from the tank of lard oil open but did so as a result of a "mistake" on his part.

Whether Claimant's conduct constituted willful misconduct is a question of law reviewable by this Court. *Keay v. Unemployment Compensation Board of Review*, 122 Pa. Commonwealth Ct. 116, 551 A.2d 391 (1988). Willful misconduct has been defined as, *inter alia:*

> a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer.

*Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 83–84, 351 A.2d 631, 632 (1976) (quoting *Moyer Unemployment Compensation Case*, 177 Pa.Superior Ct. 72, 74, 110 A.2d 753, 754 (1955)). Conscious indifference to a duty owed to one's employer is also a basis for a finding of willful misconduct. *Homony v. Unemployment*

*Compensation Board of Review,* 11 Pa.Commonwealth Ct. 142, 312 A.2d 77 (1973).

At the referee's hearing, Employer's witness testified to the following:

QR: ... Had he ever, in the past neglected to close a valve?

AEW1: Yes.

QR: Thereby having a result which was not called for by the employer and not proper?

AEW1: That's correct.

QR: Had he ever been warned about that?

AEW1: Yes, he had.

. . . .

QR: ... All right, now I'd like to know how many other instances of negligence that claimant was guilty of in his employment.

AEW1: Since 1981, five other instances that he had received warnings on.

QR: All right, what were the dates of those five incidents?

AEW1: ... May 7, 1981. He was cited for carelessness.

. . . .

March 9, 1978, he was cited for carelessness.

QR: ... let me hear those dates again. 5/7/81. What was the other one?

AEW1: 6/24/82, 5/24/83, 7/29/85, 11/12/86. I might mention, too, that in those instances in both 1981, 1982 and 1983, he received suspensions on those dates.

. . . .

'82, '82, '83 and '86, he received suspensions for.

QR: Did each of those occasions involve failure to properly open or close a valve?

AEW1: Yes.

(N.T. pp. 3–4).

Claimant argues in his reply brief that the testimony establishing that he had previously been reprimanded by Employer for similar instances is hearsay and was objected

to at the hearing on the grounds of lack of foundation and lack of personal knowledge on the part of Employer's witness.

 We find Claimant's argument to be meritless. It is hornbook law that hearsay is an out of court statement offered to prove the truth of the matter asserted. First, Employer's testimony regarding prior similar occurrences of negligence did not concern out of court statements, *i.e.*, statements as to what some third person said. It concerned conduct of Claimant that was known. Second, Claimant testified that "In November of 1986, I blocked some lines going to Y–5. And I received three days off for that." (N.T. p. 7). Claimant's acknowledgment, of a prior instance of negligence on his part, constitutes corroborative evidence of prior reprimands for similar conduct and it together with Employer's witness' testimony regarding five prior similar instances of negligence is sufficient evidence as a matter of law to support the Board's decision to deny compensation on the basis of willful misconduct. *See Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976).[5]

We have held that a casual act of negligence does not constitute willful misconduct; but a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produces substantial financial loss to the employer constitutes willful misconduct. *Fortna v. Unemployment Compensation Board of Review*, 81 Pa.Commonwealth Ct. 135, 472 A.2d 1197 (1984).

In the case *sub judice*, Claimant was warned at least five times and suspended three times for being careless when

---

**5.** Claimant cites *Endres v. Unemployment Compensation Board of Review*, 37 Pa.Commonwealth Ct. 567, 391 A.2d 61 (1978), for the proposition that "mere issuance and receipt of warning notices do not establish willful misconduct where there is no evidence that the underlying acts which prompted the warning notices were actually committed." Petitioner's brief p. 15. *Endres*, however, concerned a situation where the statements in the warnings were the reason for the discharge and denial of benefits. Here, the single incident which formed the basis of the charge was not proved by such a letter, but by direct testimony.

326

attending to his job duties. The record supports the Board's findings that Claimant acted negligently and carelessly in allowing the two different oils to mix. Where, as here, negligence continues in the face of prior warnings such evidence is indicative of a claimant's disregard for his employer's interests and can be a basis for denial of benefits under Section 402(e). *Fortna.* It is also evidence of conscious indifference. *Homony.* Therefore, the Board committed no error when it concluded that Claimant's actions constituted willful misconduct.

We affirm.

## ORDER

NOW, October 18, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.