**Christine MORREALE, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 1997.

Decided July 10, 1997.

---

Kimberly D. Borland, Wilkes–Barre, for petitioner.

Judith M. Gilroy, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Christine Morreale (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of a referee denying her unemployment compensation benefits on the basis of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1]

Claimant was employed by Metra Health (Employer) from November, 1993 until June 5, 1996. Claimant filed an application for unemployment compensation benefits which was approved by the Pittston Job Center. The Job Center determined that Claimant was discharged for reasons which are not considered willful misconduct in connection with her work. Employer appealed that determination and a hearing was scheduled for August 12, 1996. On August 1, 1996, Claimant's attorney sent a letter to the referee stating: "Due to her enlistment in the United States Navy, my client wishes to withdraw her claim for unemployment compensation benefits. Thank you for your consideration."

At the hearing on August 12, 1996, the referee acknowledged receipt of the August 1, 1996 letter but denied the request on the following basis: "Inasmuch as the Claimant did not file this appeal of withdraw, the appeal could not be effected, and the hearing will proceed." (Referee's hearing of August 12, 1996, N.T., p. 2.) At the hearing, Employer presented testimony from its witness, but neither Claimant nor her attorney appeared at the hearing.

By decision dated August 13, 1996, the referee reversed the decision of the Job Center. The referee determined that Claimant's actions were a breach of the duty that she owed to Employer and she was therefore

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

disqualified from receiving benefits under Section 402(e) of the Law. The referee's decision did not address Claimant's letter of August 1, 1996 requesting that her claim for unemployment compensation benefits be withdrawn. An appeal of the referee's decision was taken on the basis that Claimant had withdrawn her claim for benefits prior to the referee's hearing. Claimant requested that the Board withdraw the findings of the referee and correct the record to show that the claim was withdrawn due to Claimant's unavailability for work due to her enlistment in the United States Navy.

By decision and order dated September 23, 1996, the Board affirmed the decision of the referee. The Board found that Claimant's job duties included adjudicating Medicare claims that were charged at higher than normal rates (Finding of Fact No. 2); that she was processing claims at a rate that made it physically impossible that she had done any analysis of the claims (Finding of Fact No. 3); that her actions caused the Medicare Trust Fund to pay out unnecessary funds (Finding of Fact No. 4); and that she was discharged for failing to adjudicate claims that required analysis (Finding of Fact No. 5). In its decision, the Board did not address Claimant's request that the record be corrected to show that she had withdrawn her claim for unemployment compensation benefits. Claimant now appeals to this Court.

 On appeal, Claimant argues that the Board erred in affirming the referee's conclusion of willful misconduct despite the fact that the referee acknowledged receipt of her withdrawal of the claim and despite the fact that the referee never informed Claimant of his opinion that the withdrawal was ineffective. Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Teets v. Unemployment Compensation Board of Review*, 150 Pa.Cmwlth. 419, 615 A.2d 987 (1992).

Claimant argues that her application for unemployment compensation benefits is a "pleading" pursuant to 1 Pa.Code § 31.3.[2] The procedure by which a pleading may be withdrawn is set forth in 1 Pa.Code § 35.51 which provides:

A participant desiring to withdraw a pleading filed with an agency may file a notice of withdrawal thereof with the agency. The notice shall set forth the reasons for the withdrawal. Unless otherwise ordered by the agency for good cause, the notice shall, 30 days after the filing thereof, be deemed to have effected the withdrawal of the pleading, including amendments, if any, except that this section shall not be construed as effecting, without express permission of the agency, withdrawal of the following:

(1) A pleading in a proceeding in which a hearing has been held or convened.

(2) A formal complaint, answer thereto, answer to order to show cause, or an amendment to any of the aforesaid pleadings.

Claimant contends that, pursuant to 1 Pa. Code § 35.51, the letter dated August 1, 1996 was a notice of withdrawal and, in the absence of any action by the agency to the contrary, the letter should be deemed to have effected the withdrawal of her application for unemployment compensation benefits.

The Board contends that the only pleading before the referee was Employer's appeal of the Job Center's determination. The procedure for withdrawing an appeal is found at 34 Pa.Code § 101.55 which provides:

A party who has filed an appeal may withdraw and discontinue it with the approval of the tribunal before whom the appeal is pending. Forms for withdrawal of appeal may be obtained from the office of the Board, a referee or a local employment office.

The Board contends that because Claimant did not file the appeal, she could not withdraw it.

We have examined the provisions of the Pa.Code cited by Claimant and the Board and conclude that 1 Pa.Code § 35.51 is the

---

**2.** Pleading is defined in 1 Pa.Code § 31.3 as "an application, complaint, petition, answer, protest, reply or other similar document filed in an adjudicatory proceeding."

**1056** 

applicable provision. 1 Pa.Code § 35.51 establishes the procedure for withdrawing a pleading prior to a hearing. As explained in *Simmons v. Unemployment Compensation Board of Review,* 129 Pa.Cmwlth. 315, 565 A.2d 829 (1989), the procedures employed by the Job Center are informal; the process does not include a hearing and it is not adversarial in nature. Because no hearing was conducted before Claimant submitted her letter of withdrawal, we conclude that 1 Pa.Code § 35.51 sets forth the relevant standards for withdrawal.

 Pursuant to 1 Pa.Code § 35.51, express permission of the agency is required where a hearing has been held or convened or where a formal complaint has been filed. Neither situation is present here. As previously stated, no hearing had been held or convened prior to the submission of Claimant's withdrawal letter. Neither Claimant's application for unemployment compensation benefits nor Employer's appeal of the Job Center's determination can be considered a formal complaint.[3] Thus, Claimant was not required to seek permission to withdraw her pleading.

In her letter withdrawing her application for unemployment compensation benefits, Claimant specifically set forth her reasons for seeking withdrawal as required by 1 Pa. Code § 35.51. Claimant was not notified within 30 days of the filing of her withdrawal, that the withdrawal was not effective. Therefore, pursuant to 1 Pa.Code § 35.51, her letter was deemed to have withdrawn her application.

Because Claimant effectively withdrew her claim for unemployment compensation benefits, the referee and the Board erred in considering the merits of the case. Accordingly, the order of the Board is vacated.

### ORDER

AND NOW, this 10th day of July, 1997, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated, and Christine

Morreale's application for unemployment compensation benefits shall be deemed withdrawn.

---

**3.** Pursuant to 1 Pa.Code § 35.9, "[a] person complaining of anything done or omitted to be done by a person subject to the jurisdiction of an agency in violation of a statute or regulation administered or issued by the agency may file a complaint with the agency."