IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri L. Macauley,              :
                                      :
                 Petitioner   :
                                        :
                 v.             : No. 858 C.D. 2017
                                        : Submitted: November 3, 2017
Unemployment Compensation   :
Board of Review,             :
                                        :
             Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. WESLEY OLER, Jr., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: February 20, 2018

Terri L. Macauley (Claimant) petitions *pro se* for review of the May 15, 2017 order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's determination and held that Claimant was ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h). Section 402(h) provides that:

> An employe shall be ineligible for compensation for any week—
>
>        *   *   *
>
> (h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall

On January 15, 2017, Claimant applied for unemployment compensation benefits identifying Goodwill Keystone Area as her separating employer and also noting that she was engaged in self-employment. The local service center determined that Claimant was not ineligible for benefits under Section 402(h) because her self-employment was a sideline business.[2] The local service center determined, based on Claimant's 2016 1040, Schedule C tax form, that the prorated weekly amount to be deducted from Claimant's benefits as the result of her sideline business was $71.54.

Claimant appealed the determination, asserting that the prorated deductible should have been calculated from her net profit (Schedule C, Line 31) and not her gross income (Schedule C, Line 7). In her appeal petition, Claimant stated that a referee, in a decision dated March 16, 2016, previously determined that her self-employment was a sideline business and that she was not ineligible for

---

be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department.

[2] Under the language of Section 402(h), this Court has recognized that a claimant may not be disqualified from receiving unemployment compensation benefits for self-employment if the following conditions are satisfied: (1) the self-employment began prior to the termination; (2) the self-employment continued without substantial change after termination; (3) the employee remained available for full-time employment; and (4) the self-employment was not the primary source of the employee's livelihood. *FSI Trading Co. v. Unemployment Compensation Board of Review*, 627 A.2d 270, 272 (Pa. Cmwlth. 1993).

unemployment compensation benefits. Claimant asserted that the referee calculated her prorated deductible based on her 2015 1040 Schedule C, line 31. As a result, she argued that the service center erred in its calculation and the weekly prorated deductible amount should have been $34.25 per week, not $71.54 per week.

Claimant received a Notice of Hearing, dated March 7, 2017, informing her of the appeal hearing's scheduled date and time. The notice also stated that the specific issue to be considered in the appeal was whether Claimant was engaged in self-employment.

A referee held a hearing on March 21, 2017. Claimant did not appear at the hearing.[3] The referee made two findings of fact: 1) Claimant owns a business, Unique Selections, and 2) Claimant applied for unemployment compensation benefits on January 15, 2017. The referee determined that Claimant was self-employed and failed to offer evidence that she qualifies for the sideline business exception under Section 402(h) and, therefore, she was ineligible for unemployment compensation benefits. Claimant appealed to the Board.

In her appeal petition, she stated:

> I was unable to attend my 3-21-17 hearing and I sincerely apologize. However, my appeal was for a clarification of [the] weekly amount I was receiving and as a result my benefits were revoked. I was approved for benefits on 3-16-2016 at a hearing so I am confused.

Record Item 10. The Board affirmed the decision of the referee, adopting and incorporating the referee's findings of facts and conclusions of law.

---

[3] The Board's regulations permit a hearing to be held if a party, duly notified of the date, hour, and place of the hearing, fails to attend without proper cause. 34 Pa. Code §101.51.

On appeal to this Court,[4] Claimant first argues that the Board should not have considered the issue of her eligibility, but should have exclusively focused on the issue regarding how the prorated deductible was calculated. We disagree.

When an appeal is taken from a determination of the local service center, the referee or Board is limited to consideration of "the issues expressly ruled upon" by the local service center, unless the parties agree otherwise. 34 Pa. Code §101.87; *Bilsing v. Unemployment Compensation Board of Review*, 382 A.2d 1279, 1280-81 (Pa. Cmwlth. 1978). Moreover, this Court has also held that when the Notice of Hearing provided to the claimant states the specific issue to be considered at the referee's hearing, the claimant has been apprised of the issue and is not unfairly surprised. *See Simmons v. Unemployment Compensation Board of Review*, 565 A.2d 829, 831-32 (Pa. Cmwlth. 1989) (holding that where the Notice of Hearing indicated that the specific issue to be considered was whether the claimant's unemployment was the result of willful misconduct, the claimant was duly informed of the defense prior to the hearing and was not unfairly surprised).

Although Claimant intended to appeal only the prorated deductible amount, the local service center determined her eligibility under Section 402(h) and made findings to that effect. Therefore, the Board did not err in analyzing her eligibility under Section 402(h).

Claimant next argues that the Board erred in determining that she was ineligible under Section 402(h) because her business qualified under the sideline business exemption. The claimant bears the burden of showing that her self-

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

4

employment falls under the sideline business exception pursuant to Section 402(h). *O'Hara v. Unemployment Compensation Board of Review*, 648 A.2d 1311, 1313 (Pa. Cmwlth. 1994).

Here, Claimant acknowledged in her appeal to the Board that she missed the referee's hearing but did not assert that she had proper cause for her absence.[5] Claimant also failed to request another opportunity to offer evidence.[6] Consequently, Claimant did not introduce any evidence or provide any testimony regarding whether she satisfied the four-part test that her business was non-disqualifying. Though Claimant relies heavily on a previous decision by a referee, which determined that her business was a non-disqualifying sideline business, that decision is not a part of the record. More importantly, the two decisions address different claim weeks. It is well-settled that a decision as to eligibility in one claim period is not conclusive as to eligibility in a separate and distinct claim period. *High v. Unemployment Compensation Board of Review*, 479 A.2d 967, 968-69 (Pa. 1984). Based on the record, Claimant failed to sustain her burden and the Board did not err in determining that she was ineligible for unemployment compensation benefits under Section 402(h).

Accordingly, we affirm the Board's order.

---

[5] For the first time, to this Court, Claimant asserts that her absence at the referee's hearing was the result of her daughter's school delay, which caused her to be unable to attend the hearing. However, as Claimant failed to raise this issue in her appeal to the Board as required by Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1551(a), it is waived.

[6] The Board's regulations provide that it may grant a request for reconsideration and rehearing where there is good cause. 34 Pa. Code §101.111.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri L. Macauley,       :
                       :
            Petitioner   :
                       :
              v.        : No. 858 C.D. 2017
                       :
Unemployment Compensation   :
Board of Review,         :
                       :
          Respondent :

## O R D E R

AND NOW, this 20th day of February, 2018, the order of the Unemployment Compensation Board of Review, dated May 15, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge